**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

KENDRICK BUTLER, # M-03292,     )
     )
     **Plaintiff,**     )
     )
     **vs.**     )     **Case No. 15-cv-063-JPG**
     )
RICHARD HARRINGTON,     )
KIMBERLY BUTLER,     )
I.A. BRANDON ANTHONY,     )
JEANETTE HECHT,     )
GAETZ,[1]     )
HART,     )
COUNSELOR NIPPE,     )
McCLURE,     )
PHELPS,     )
JOHN DOES     )
  (Shift Commander & Supervisor),     )
and VEATH,     )
     )
     **Defendants.**     )

## <u>MEMORANDUM AND ORDER</u>

**GILBERT, District Judge:**

       This matter is before the Court for a preliminary merits review of Plaintiff's *pro se* civil

rights complaint filed on January 21, 2015, pursuant to 42 U.S.C. § 1983.  Plaintiff is currently

incarcerated at Pontiac Correctional Center ("Pontiac"), but his claims arose while he was

confined at Menard Correctional Center ("Menard").   The events complained of occurred

between September 11 and November 29, 2013.  After Plaintiff was charged with a disciplinary

infraction, his grievances were ignored, he was placed in several cells infested with vermin and

lacking water or lights, and he was subjected to excessive force in retaliation for having pursued

---

[1] This Defendant's name is spelled "Goetz" throughout the complaint.  The Clerk shall be directed to correct the spelling error.

grievances against the officer who initiated the discipline.

A review of Plaintiff's prior litigation activity in this district reveals that the claims in this new complaint overlap with those in two of his earlier cases. In December 2013, Plaintiff filed two cases within three days of one another, *Butler v. Harrington, et al.*, Case No. 13-cv-1270-SMY-PMF (filed Dec. 10, 2013), and *Butler v. Harrington, et al.*, Case No. 13-cv-1285-MJR-SCW (filed Dec. 13, 2013). For clarity, these shall be referred to herein as *Butler I* and *Butler II*, respectively. Both cases contained a number of identical claims, but *Butler II* identified several Defendants who had been omitted from *Butler I*, and included one additional claim. Upon conducting the threshold review of the complaint in *Butler I*, the Court divided Plaintiff's claims into twelve counts. Counts 1-10 were addressed in *Butler I*. Counts 11 and 12, plus an additional Count 13, were addressed in *Butler II*.

*Butler I* is still pending, and several claims survived threshold review. Two of the claims in that case (Count 7, which was dismissed, and Count 10, which is still pending) relate to Plaintiff's allegations herein regarding his disciplinary charge and placement in segregation on September 11, 2013.

*Butler II* was dismissed without prejudice on January 12, 2015, for failure to exhaust administrative remedies (Doc. 87 in *Butler II*). Several of the claims in the instant case raise the same issues as Plaintiff raised in *Butler II* (in Counts 11, 12, and 13). Therefore, it appears that he is trying to pursue those claims once again, presumably after having now exhausted his appeals within the prison grievance system.

## The Complaint

Plaintiff's statement of claim begins by asserting that he was placed in segregation on September 11, 2013, "for a fight that had gotten upgraded to other charges by Officer Brandon

Anthony because of his gang affiliation with the other contestant" (Doc. 1, p. 8).  Defendant Anthony told Plaintiff he would be found guilty.   At Plaintiff's hearing on the charges, Defendants Hart and Veath informed Plaintiff that they had already talked with Defendant Anthony, and they did not care how Plaintiff pled.  Plaintiff immediately filed two grievances. He asserts that Defendants Hart and Veath are both "in some form of corruption to retaliate against the Plaintiff and find him guilty falsely." *Id.*

In October 2013, Plaintiff spoke to Defendants Harrington (warden) and Butler (assistant warden) during their rounds.  He informed them of the above incident and told them they should have received his grievances, but they did nothing.  Defendant Counselor Nippe did rounds in November 2013, and Plaintiff asked her to help him complete the grievance process because he was indigent.  He filed a grievance against her for refusing to assist him.  She responded that he had funds in his account, and walked away (Doc. 1, p. 9).

In November 2013, Plaintiff filed another (emergency) grievance against Defendant Anthony, claiming that he, Defendant Nippe, and Defendants Veath and Hart, "are all working in cahootz [sic] to keep the Plaintiff in segregation." *Id.*   Defendants Hecht and Anthony then formed a plan to retaliate against Plaintiff by getting the approval of the John Doe Defendant Shift Commander and the other John Doe Defendant to move Plaintiff to another cell.  They placed him first in a cell on Five Gallery that was infested with rats, bugs, and other "critters" that crawled on Plaintiff and bit him.  This cell also had no water or light.  A few days later, they moved Plaintiff to Cell 6/11, which also lacked light and water, and was infested with the same vermin.  He spent between four days and 1-1/2 weeks in that cell.  He then was moved to cell 4/08, which again lacked light and water, but the water was turned on after about five days.

Defendants Hecht and Anthony wrote a false disciplinary report, claiming that Plaintiff

gave orders to another gang member (he does not elaborate further on what he was alleged to have ordered that person to do).   Plaintiff's alleged gang is in conflict with the Gangster Disciples, and he claims Defendant Anthony has ties to the Gangster Disciples (Doc. 1, p. 10).   The placement in unsanitary cells and this disciplinary report incident took place between November 9 and November 29, 2013, at which time Plaintiff was transferred to Pontiac.

Finally, Plaintiff alleges that over a three-day period, Defendants Goetz, Phelps, and McClure placed him in handcuffs and leg shackles at various times, during the 3-11 shift and midnight shift.   This was ostensibly done because Plaintiff had call passes to leave his cell, but in fact their purpose was to inflict pain on him in retaliation for the grievances he had filed against Defendant Anthony.   On one occasion, Defendant Anthony assisted in the cuffing.   Another time, Defendants Goetz and Phelps "attacked" Plaintiff while escorting him in handcuffs through a back stairwell (Doc. 1, p. 11).   Plaintiff does not give the dates of these incidents.

Plaintiff seeks compensatory and punitive damages.

## Merits Review Pursuant to 28 U.S.C. § 1915A

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into the following seven counts (as shall be noted in the discussion below, some of these counts correspond to claims in Plaintiff's previous actions, *Butler I* and *Butler II*).   The parties and the Court will use these designations in all future pleadings and orders in this case, unless otherwise directed by a judicial officer of this Court.   The designation of these counts does not constitute an opinion as to their merit.

**Count 1:** Defendants Anthony, Hart, and Veath falsely found Plaintiff guilty of disciplinary charges over a fight on September 11, 2013, in order to retaliate against Plaintiff;

**Count 2:** Defendants Harrington, Butler, and Nippe refused to respond to Plaintiff's grievances or his requests for help in appealing those grievances relating to Count 1;

**Count 3:** Defendants Anthony, Hecht, and the two John Doe Defendants retaliated against Plaintiff for pursuing grievances against Defendant Anthony, by placing him in cells infested with vermin and lacking water or lights;

**Count 4:** Defendants Anthony, Hecht, and the two John Doe Defendants subjected Plaintiff to unconstitutional conditions of confinement by placing him in cells infested with vermin and lacking water or lights;

**Count 5:** Defendants Hecht and Anthony wrote a false disciplinary report against Plaintiff claiming that he gave orders to another gang member, in retaliation for Plaintiff's grievances against Defendant Anthony;

**Count 6:** Defendants Goetz, Phelps, McClure, and Anthony used excessive force against Plaintiff when they repeatedly placed him in handcuffs and leg shackles over a three-day period, and when Defendants Goetz and Phelps attacked him in a stairwell;

**Count 7:** Defendants Goetz, Phelps, McClure, and Anthony retaliated against Plaintiff for filing grievances against Defendant Anthony, by repeatedly placing him in handcuffs and leg shackles over a three-day period, and (Defendants Goetz and Phelps only) by attacking him in a stairwell.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff's claims in Counts 3, 4, 5, 6, and 7 shall receive further review. However, the claims in Counts 1 and 2 shall be dismissed.

## Dismissal of Count 1 – September 2013 Disciplinary Charges

The facts underlying this claim are essentially the same as those designated as Count 7 in *Butler I* (No. 13-cv-1270-SMY-PMF), although Plaintiff includes fewer specifics in the instant

complaint.[2]   Count 7 claimed violations of Plaintiff's right to due process and his right to confront a witness against him in the disciplinary hearing over those charges.   Count 7 was dismissed with prejudice after Plaintiff's amended pleadings failed to state a claim upon which relief may be granted (Doc 24 in *Butler I*).   Because of that dismissal, Plaintiff cannot now revive a due process claim, as he appears to be attempting to do here with his statements that he was falsely found guilty of the disciplinary charge.

The claims in Count 1 are barred by the doctrine of *res judicata*, or claim preclusion.   As the Seventh Circuit has stated,

> *[r]es judicata* bars suits where there is [1] a final judgment on the merits; [2] an identity of the issues of the lawsuit; and [3] an identity of the parties or their privies."   *Hamdan v. Gonzales*, 425 F.3d 1051, 1059 (7th Cir. 2005) (internal quotation and citation omitted).   *Res judicata* also bars litigation of claims that "could have been raised" in the previous litigation, but were not.   *Golden v. Barenborg*, 53 F.3d 866, 869-70 (7th Cir. 1995).

*Maher v. F.D.I.C.*, 441 F.3d 522, 526 (7th Cir. 2006).   While other claims are still proceeding in *Butler I*, and there has been no final judgment in that case, Count 7 was dismissed on the merits with prejudice in its entirety after exhaustive analysis by the Court.   Thus, it shall not be revived and Plaintiff is barred from pursing the same claim in this new action.

The only variation between the instant complaint and Plaintiff's prior articulation of this claim in *Butler I*, is that here, Plaintiff includes a statement that Defendants Hart and Veath retaliated against him by falsely finding him guilty of the disciplinary charge.   As noted above, the claim preclusion doctrine bars Plaintiff from bringing a claim (such as this new retaliation issue) that he could have raised in the prior action.   Aside from that, the instant complaint fails to connect the supposed retaliation to any earlier protected activity on Plaintiff's part which might

---

[2]  Count 10 in *Butler I*, which is still pending, involves a claim that Defendant Anthony and others failed to protect Plaintiff from an attack by another inmate, who snatched Plaintiff into a cell and beat him.  The "false" disciplinary charge referenced herein was based on that altercation.

have prompted the retaliatory action. He thus fails to state a retaliation claim upon which relief may be granted. *See Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009).

For these reasons, **Count 1** shall be dismissed with prejudice.

## Dismissal of Count 2 – Failure to Respond to or Assist with Grievances

It is well established that no independent constitutional claim will arise from a Defendant's failure to respond to grievances, or any other breakdown in the prison grievance process. The Constitution requires no procedure at all, and the failure of state prison officials to follow their own grievance procedures does not, of itself, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982). Further, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). In order to be held individually liable in a civil rights action, "a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).

Plaintiff's claims against Defendants Harrington and Butler are based on their failure to respond to his complaints about the misconduct of other individuals. Similarly, his complaint against Defendant Nippe faults her for refusing to help him pursue an appeal of his grievances. These Defendants had no direct involvement in the disciplinary action that was the focus of Plaintiff's grievances, thus no liability attaches to them. **Count 2** shall be dismissed with prejudice for failure to state a claim upon which relief may be granted.

**Count 3 – Retaliation/Cell Placement**

This claim, and the related claim in Count 4, restate the claim that was considered earlier as Count 13 in *Butler II*.  Count 13 for placement in a cell without water or lights was dismissed without prejudice because Plaintiff failed to identify any Defendant who either placed him there or failed to remedy the bad conditions, and did not state how long he was held in the cell under those conditions (Doc. 13 in *Butler II*, Case No. 13-cv-1285).  Because the dismissal of Count 13 was without prejudice, Plaintiff may revive his claims in the instant case.

Prison officials may not retaliate against an inmate for exercising his First Amendment rights, such as the right to file grievances, even if their actions would not independently violate the Constitution.  *See Zimmerman v. Tribble,* 226 F.3d 568, 573 (7th Cir. 2000); *DeWalt v. Carter,* 224 F.3d 607, 618 (7th Cir. 2000) ("a prison official may not retaliate against a prisoner because that prisoner filed a grievance"); *Babcock v. White,* 102 F.3d 267, 275 (7th Cir. 1996) (retaliatory transfer); *Higgason v. Farley,* 83 F.3d 807, 810 (7th Cir. 1996) (retaliation for filing lawsuit).  "A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" *Zimmerman,* 226 F.3d at 573 (citation omitted).

In this case, Plaintiff alleges that after he filed grievances against Defendant Anthony, he and other Defendants purposely moved Plaintiff to a series of vermin-infested and deficient cells. Such a chronology arguably presents a colorable claim of retaliation; therefore, the Court is unable to dismiss this retaliation claim at this point in the litigation.

Plaintiff may proceed with the retaliation claim in **Count 3**, against Defendants Anthony, Hecht, and the two John Doe Defendants.  However, no service can be ordered on the unidentified Defendants until Plaintiff provides their names in an amended complaint.

**Count 4 – Eighth Amendment Claim for Cell Conditions**

 In addition to the retaliation claim in Count 3, Plaintiff states a distinct claim for having been housed under unsanitary and unsafe conditions (again, this claim was dismissed without prejudice as Count 13 in *Butler II*).  Prison conditions that deprive inmates of basic human needs – food, medical care, sanitation, or physical safety – may violate the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); s*ee also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992).  In addition to showing that the conditions posed an objective risk to his safety or health, a plaintiff must demonstrate that the defendant was deliberately indifferent to that risk of harm.  In other words, a prison official must have acted or failed to act despite the official's knowledge of a substantial risk of serious harm to the inmate from such conditions. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837, 842 (1994); *Wilson v. Seiter*, 501 U.S. 294, 303 (1991); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994).

 Here, Plaintiff alleges that Defendants Anthony, Hecht, and the two John Doe Defendants knowingly placed him in the defective cells, where he was exposed to health risks from the vermin infestation and lack of water, as well as possible risks from having no lights in some cells.  *See Thomas v. Illinois*, 697 F.3d 612, 614-15 (7th Cir. 2012) (depending on severity, duration, nature of the risk, and susceptibility of the inmate, prison conditions may violate the Eighth Amendment if they caused either physical, psychological, or probabilistic harm).  He may thus proceed with his conditions-of-confinement claim against Defendants Anthony, Hecht, and the two John Doe officers in **Count 4**.

**Count 5 – Retaliation/False Disciplinary Report**

 Although Plaintiff's statement of claim is not entirely clear, he appears to allege that the

November disciplinary report brought by Defendants Anthony and Hecht, in which they accused Plaintiff of giving orders to another gang member, was another act of retaliation. He briefly describes this action after relating the string of retaliatory cell placements designated as Count 3 above. Further, the Court takes note that Count 11 in *Butler II* was very similar to this claim – in his earlier case, Plaintiff claimed that Defendants Anthony and Phelps[3] wrote a disciplinary report against him on or about November 22-26, 2013, in retaliation for his earlier grievance activity. The report falsely accused him of conspiracy to assault another person and gang activity. Count 11 for retaliation was allowed to proceed for further review in *Butler II*, but was ultimately dismissed for Plaintiff's failure to exhaust his administrative remedies.

Giving liberal construction to the instant complaint, Plaintiff shall be allowed to proceed with **Count 5** herein against Defendants Anthony and Hecht. Plaintiff may be called upon to demonstrate that he has now completed the exhaustion process as to this claim, as well as to the other claims that were previously dismissed from *Butler II*.

**Count 6 – Excessive Force**

The claims in Counts 6 and 7 are based on the same allegations that were designated as Count 12 in *Butler II*. There, he stated that over a three-day period, several guards left him in handcuffs for lengthy periods of time, cutting off his circulation. That claim survived threshold review, but the action was dismissed without prejudice for failure to exhaust administrative remedies. In the instant complaint, Plaintiff has made some minor changes in the named Defendants, and has added the allegation that he was attacked in the stairwell by Defendants Goetz and Phelps.

---

[3] The Court notes that in *Butler II*, Plaintiff identified Defendant Phelps along with Defendant Anthony as the authors of this retaliatory grievance labeled as Count 11. However, in the instant complaint, he says that Defendant Hecht and Defendant Anthony took this action. Plaintiff does not explain this discrepancy.

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983.  *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000).  An inmate must show that the assault or use of force "was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)).

At the pleading stage, these claims survive review under § 1915A.  For clarity, the Court has further divided these claims (previously designated as Count 12 in *Butler II*) into two separate claims, one for excessive force and one for retaliation.  **Count 6** for the excessive use of force may proceed against Defendants Goetz, Phelps, McClure, and Anthony.

## Count 7 – Retaliation/Use of Force

Plaintiff may also proceed with this retaliation claim against Defendants Goetz, Phelps, McClure, and Anthony.  This count shall examine whether the repeated application of handcuffs and shackles, as well as the attack on Plaintiff, was motivated by retaliation for Plaintiff's grievance activity.

## Pending Motion

Plaintiff's motion for recruitment of counsel (Doc. 6) shall be referred to the United States Magistrate Judge for further consideration.

## Disposition

The Clerk shall correct the spelling of Defendant Gaetz' name to "Goetz."

**COUNTS 1 and 2** are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.  Defendants **HARRINGTON, BUTLER, HART, NIPPE,** and

VEATH are **DISMISSED** from this action with prejudice.

The Clerk of Court shall prepare for Defendants **ANTHONY, HECHT, GOETZ, McCLURE,** and **PHELPS**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint.   Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a

true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 6).

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7**

**days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

      **IT IS SO ORDERED.**

      **DATED: February 18, 2015**

                          *s/J. Phil Gilbert*
                          United States District Judge